# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMSHER SINGH,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center, et al,<br><br>Respondents. | Case No.:  26-cv-962-BJC-BLM<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

On February 14, 2026, Petitioner Shamsher Singh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is a citizen of India who entered the United States on November 28, 2024. He was taken into ICE custody, placed in Expedited Removal proceedings, and remains detained at the Otay Mesa Detention Center. Petitioner was found to have a credible fear of returning to India by an Immigration Judge ("IJ").  The Notice to Appear charged him as inadmissible pursuant to Immigration and Nationality Sections 212(a)(6)(A)(i)(present without being admitted or paroled) and 212(a)(7)(lacking valid documentation). Petitioner sought release on bond on July 11, 2025, but was denied because the IJ determined the court did not have jurisdiction. *Id.*

Petitioner contends there is no possibility of his removal in the foreseeable future

and that his continued detention without a hearing violates the Fifth Amendment of the U.S. Constitution and federal law. ECF No. 1 at 2. Petitioner requests that the Court grant him immediate release from custody, or at a minimum, an individualized bond hearing. ECF No. 1 at 2.  Respondents have filed a return. ECF No. 4. Petitioner has filed a traverse. ECF No. 5.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

The parties do not dispute that Petitioner is detained pursuant 8 U.S.C. § 1225(b)(1)(B)(ii), which provides that noncitizens found to have a credible fear of persecution are subject to mandatory detention pending consideration of an asylum application. See 8 U.S.C. § 1225(b)(1)(B)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution … the alien shall be detained for further consideration of the application for asylum."). The question before the Court is whether Petitioner's continued detention runs afoul of the due process clause.

In *Thuraissigiam*, the Supreme Court rejected a habeas petitioner's argument that the due process clause conferred rights to challenge his expedited removal beyond those established by Congress, stating that "an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause." *DHS v. Thuraissigiam*, 591 U.S. 103, 107 92020). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1225(b) …. 'essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'" *See Abdul-Samed v. Warden of Golden State Annex Det. Facility*,

No. 25-cv-98-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025). In determining whether detention has become prolonged, courts generally apply a six-factor balancing test that considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. ECF No. 1 ¶ 41; *see Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

Petitioner argues that his detention without a bond hearing has become prolonged because he has been detained since November 28, 2024 (a period now exceeding 18 months), he poses no risk of flight or danger to the community, he has no criminal history, and he has demonstrated compliance with all prior immigration requirements. ECF No. 1 at 14.

Respondent counters that Petitioner's detention has not become prolonged, and even if the Court considers delay past a year to be prolonged, this is just one factor to consider. ECF No. 4 at 7. According to Respondent, the Court must also consider the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government. *Id.* Here, Respondent claims that the remaining factors weigh against granting Petitioner's relief because Petitioner's removal proceedings were delayed eleven times, with seven adjournments occurring at the request of or for the benefit of Petitioner. *Id.*

The Court has weighed the *Banda* factors and finds that Petitioner's detention violates his Fifth Amendment rights to due process. First, Petitioner's 18-month detention without a bond hearing is unreasonably prolonged. See, e.g., *Hoyos Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable.") (collecting cases); *Tanoyan v. Andrews*, No. 1:25-CV-00815-SKO (HC),2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) ("Petitioner has been detained approximately 11 months. This period … qualifies as prolonged."); *Gao*, 2025 WL2770633, at *5 ("The Court finds that Petitioner's detention

26-cv-962-BJC-BLM

for over 10 months without a bond hearing, in the context of the specific circumstances described above, has become unreasonable and violates due process.") In addition, it is uncertain how long Petitioner's duration will last into the future. Although some delays in the removal proceedings were caused by Petitioner, others were not. Therefore, this factor does not weigh against Petitioner.

Accordingly, Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. See *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), abrogated on other grounds by *Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond")

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Petition is **GRANTED IN PART**. Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within fourteen (14) days of this order as described above. All other relief sought in the Petition, including an order directing Petitioner's immediate release, is denied.

**IT IS SO ORDERED**.

Dated:  May 13, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-962-BJC-BLM

26-cv-962-BJC-BLM